[No. 34911. Department Two. March 26, 1959.]

GLADYS NEWMAN, as *Executrix, Respondent,* v. OWL TRANSFER & STORAGE COMPANY, *Appellant.*[1]

*Hullin & Ehrlichman,* for appellant.

*Carnahan, Gordon & Goodwin* and *Ralph M. Rogers,* for respondent.

PER CURIAM.—This is an action for wrongful death. The first trial of the lawsuit resulted in a jury verdict for the defendant. However, the trial judge granted a new trial because of error in instructions to the jury. We affirmed, on appeal; *Newman v. Owl Transfer & Storage Co.* (1957), 51 Wn. (2d) 67, 316 P. (2d) 120. Reference is hereby made to that opinion for the material facts. The second trial resulted in a jury verdict for the plaintiff. Defendant appeals.

On the present appeal the appellant argues that it was error for the trial court to give an instruction on the "emergency doctrine." The appellant asserts that there is no evidence in the record which supports the giving of that instruction. We agree.

In addition to those facts set out in our previous opinion in the *Newman* case, *supra,* we add the following: There were no eyewitnesses to the accident. There is no evidence to indicate that the decedent saw appellant's truck at any time before the collision. The decedent's car left no skid marks. It is true that at the time of the impact

[1] Reported in 337 P. (2d) 32.

decedent's car was over the center line of St. Helens Avenue. However, after the impact, the wheels of the car were pointed straight ahead and would not indicate that the decedent had attempted to swerve his car in an effort to avoid the truck.

In *Ulve v. Raymond* (1957), 51 Wn. (2d) 241, 317 P. (2d) 908, this court, commenting on a request for an instruction on the "emergency doctrine," stated:

"Requested instruction No. 18—which respondent designates as 'the standard instruction on emergency'—is not justified by the record before us. *It would permit the jury to speculate whether Mr. Ulve appreciated at any time that he was in a position of peril and was required to make a choice. The record is silent."* (Italics ours.)

Also, in the case at bar, the record is silent as to facts which would justify the giving of an instruction on the "emergency doctrine." Accordingly, the judgment of the trial court in the instant case must be reversed, and the cause remanded for a new trial. It is so ordered.