**BERI, INC.,**
*Appellant,*

*v.*

**LaPOINTE'S, INC.,**
*Respondent.*

(76290; CA A27565)

673 P2d 570

G. Kenneth Shiroishi, Portland, argued the cause for appellant. With him on the briefs was Morrison, Dunn, Carney, Allen & Tongue, Portland.

Dell A. Alexander, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp, Kryger & Alexander, P. C., Albany.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals from a trial court order dismissing its forcible entry and detainer action to recover possession of commercial property leased to defendant.[1] The issue is whether plaintiff gave defendant sufficient written notice to terminate the lease. We conclude that it did not reverse and remand.

In 1966, plaintiff's predecessor in interest and defendant executed a long-term commercial lease that provides in relevant part:

"23. NON-PAYMENT OF RENT:

"If any rental or other sums payable by Tenant to the Landlord shall be and remain unpaid more than ten (10) days, after same are due and payable, * * * and such violation or default shall continue for a period of * * * (ten (10) days in the case of non-payment of rent) after written notice by the Landlord to Tenant of such violation or default, then without prejudice to any other remedies which Landlord might have, it shall be optional for the Landlord to declare this lease forfeited and the same term ended, and to re-enter the demise premises, with or without process of law * * *."

---

[1] The trial court found:

"1. That certain lease dated January 25, 1966, by and between Commonwealth, Inc., an Oregon corporation, Plaintiff's predecessor in interest, therein designated Landlord, and Defendant, therein designated Tenant, provides for a different period than that stated in ORS 91.090 and makes provision for a notice of default.

"2. Because of the finding of fact in paragraph 1 above, the lease, and not ORS 91.090, controls the substance of default and notice thereof.

"3. Because notice of default is required, *Moore v. Richfield Oil Corp.*, 223 Or. 39, 377 P2d 32 (1962) applies to the instant case. This case holds that

" 'A notice of default must convey the message that the notifier is initiating the steps necessary to finally assert his legal rights and that if the default is not cured, he may take final action as provided in the contract. * * * The notice to the Lessee must give him warning that the Lessor will assert his right of termination if the Lessee does not cure the default * * *' *Moore v. Richfield Oil Corp., supra,* 223 Or. at 44-45.

"The instant notice, Plaintiff's Exhibit No. 1, Plaintiff's letter to Defendant dated June 4, 1982, is insufficient in that it fails to provide the above-stated requisite notice.

"CONCLUSIONS OF LAW

"1. The defendant is, therefore, granted its motion for involuntary dismissal pursuant to ORCP 54B(2)."

In June, 1982, plaintiff notified defendant that it was in default for failure to pay rent. Plaintiff demanded full payment within ten days. When defendant failed to pay, plaintiff filed this action.

In order to determine whether plaintiff properly terminated the lease, the lease and ORS 91.090 must be considered together. *Washington Square v. First Lady Beauty Salon*, 290 Or 753, 760, 625 P2d 1311 (1981). ORS 91.090 provides that a tenant's failure to pay rent within ten days of the due date operates to terminate the tenancy, unless the lease provides otherwise. Here, the lease allowed plaintiff to terminate if defendant was twenty days late and plaintiff had made written demand for payment ten days prior to termination. The lease did not require a separate written notice of termination. Plaintiff complied with the termination provisions of the lease. ORS 91.090 did not require more.

Defendant's reliance on *Moore et ux v. Richfield Oil Corp.* 233 Or 39, 337 P2d 32 (1962) is misplaced. There, the lease required the landlord to notify the tenant that it was in default. The landlord's notice did not mention default. The Supreme Court held that, because the lease required notice of default prior to termination, the landlord could not rely on the statute.

The trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.